United States District Court
for the
Southern District of Florida

Paul Hamilton, Petitioner,  )
                            )
v.                          )
                            ) Civil Action No. 20-21318-Civ-Scola
                            )
Juan Acosta, Respondent.    )

**Order Adopting Magistrate Judge's Report And Recommendation**

    This case was referred to United States Magistrate Judge Lisette M. Reid, consistent with Administrative Order 2019-02 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On May 8, 2020, Judge Reid issued a report, recommending that the Court deny the petition for writ of habeas corpus and dismiss without prejudice the Petitioner's as-applied due process challenge and Eighth Amendment claim. (Report of Magistrate, ECF No. 13.) The Petitioner did not file objections to the Report, and the time to do so has passed. He filed a supplement to his petition on May 11, 2020,[1] which highlights his medical conditions that he already raised in his Petition. (ECF No. 14.)

    Acosta's supplement argues that his release from prison is warranted due the dangers posed by being detained during the Covid-19 pandemic. Acosta claims that he is at risk of developing a severe case of the virus because of his "high blood pressure, high cholesterol, high thyroid level, depression, [and] post traumatic disorder." (ECF No. 14 at 2.) However, a mandatory detainee would not be eligible for release even if their detainment violated his or her Fifth and Eighth Amendment rights. *See Gayle v. Meade*, 2020 WL 2086482, at *7 (S.D. Fla. Apr. 30, 2020) (Cooke, J.). In *Gayle v. Meade*, the Court found that the confinement of detainees with severe medical conditions by United States Immigration and Customs Enforcement ("ICE") during the Covid-19 pandemic violated the Petitioners' Fifth and Eighth Amendment rights. *Id.* at *5. She further determined that the appropriate remedy is for ICE to transfer detainees after evaluating each detainee's eligibility for release pursuant to ICE's Covid-19 Pandemic Response Requirements. *Gayle*, 2020 WL 2086482 at *1 (S.D. Fla. May 2, 2020) (Cooke, J.). Judge Cooke makes clear

---

[1] The Court will not liberally construe Hamilton's supplement as objections because he could not have received Judge Reid's report by mail and responded by mail in a three-day period.

that "mandatory detainees," like Hamilton, are not eligible for transfer due to these violations. *Gayle*, 2020 WL 2086482 at *7. Therefore, due to his mandatory detainee status, he is not eligible for the relief he seeks.

The Court has considered Judge Reid's report, the Petitioner's supplemental filing (ECF No. 14), the record, and the relevant legal authorities. The Court finds Judge Reid's report and recommendation cogent and compelling. The Court **affirms and adopts** Judge Reid's report and recommendation (ECF No. 13). The Court **denies** the petition for writ of habeas corpus (ECF No. 1). The Court does not issue a certificate of appealability. Finally, the Court directs the Clerk to **close** this case. Any pending motions are denied as moot.

**Done and ordered**, at Miami, Florida, on June 2, 2020.

_____
Robert N. Scola, Jr.
United States District Judge